# Supreme Court of Florida

No. SC2026-0673

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.515.**

May 28, 2026

PER CURIAM.

On its own motion, the Court amends Florida Rule of General Practice and Judicial Administration 2.515(d)(2) (Representation by Signer) to require the signer of a document filed with Florida's courts to represent that "the legal authorities identified exist and are accurately cited."[1]  The amendment also expressly authorizes courts to impose appropriate sanctions for "any filing inconsistent with" the representation a signer makes under rule 2.515(d)(2).

Generative artificial intelligence tools—including large language models and other systems that produce text or citations in

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

response to prompts—are being used as drafting or research aids for court filings. Though these tools can be helpful, they also can generate content that appears plausible but is in fact inaccurate, including fabricated or "hallucinated" authorities.

Given the demonstrated risks of generative AI and to promote the accuracy and integrity of court filings, we amend rule 2.515(d)(2) to require the signer of a filing to represent that the legal authorities identified in that filing "exist and are accurately cited." This requirement applies both to filings prepared by attorneys and to filings prepared by unrepresented parties. We also amend rule 2.515(d)(2) to provide that the court may "impose sanctions for any filing inconsistent with this representation after providing the signer notice and an opportunity to be heard." And we amend rule 2.515(d)(2) to specify that "[s]uch sanctions may include reprimand, contempt, striking of the document, dismissal of proceedings, costs, attorneys' fees, or other sanctions." The accompanying court commentary explains that the Court adopted these amendments "principally to create a statewide, uniform replacement for varied circuit court administrative orders imposing disclosure and certification requirements about the use of artificial intelligence in

filings" and that the new, express sanctions provision in rule 2.515(d)(2) is not intended "to change or comment on (by negative implication or otherwise) courts' existing authority to impose sanctions for noncompliance with these rules generally."

The Florida Rules of General Practice and Judicial Administration are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective June 15, 2026, at 12:01 a.m. Because the amendments were not published for comment previously, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before August 11, 2026, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399; no additional copies are required or will be accepted.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

**APPENDIX**

**RULE 2.515.   SIGNATURE AND REPRESENTATIONS TO COURT**

**(a)-(c)** [No Change]

**(d) Representation to Court.**

(1) [No Change]

(2) *Representation by Signer.* On filing, each signer represents that:

(A) the signer has read the document;

(B) to the best of the signer's knowledge, information, and belief, there are good grounds to support the document; ~~and~~

(C) the document is not interposed for delay; and

(D) the legal authorities identified exist and are accurately cited.

The Court may, on its own motion or the motion of a party, impose sanctions for any filing inconsistent with this representation after providing the signer notice and an opportunity to be heard. Such sanctions may include reprimand, contempt, striking of the document, dismissal of proceedings, costs, attorneys' fees, or other sanctions.

(3) [No Change]

**Court Commentary**

**2026 Amendment.** The Court adopted the 2026 amendments to subdivision (d)(2) principally to create a statewide, uniform replacement for varied circuit court administrative orders imposing disclosure and certification requirements about the use of artificial

intelligence in filings. Those circuit court administrative orders included sanctions provisions. The Court included an express sanctions provision in amended subdivision (d)(2) to avoid uncertainty over courts' continuing authority to impose sanctions in this context, as provided for in the circuit court administrative orders that have been replaced. By including an express sanctions provision in amended subdivision (d)(2), the Court does not intend to change or comment on (by negative implication or otherwise) courts' existing authority to impose sanctions for noncompliance with these rules generally.